Dear Mr. Flesher,
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question:
What is the definition of "engineer in attendance" as used in AttorneyGeneral Opinion No. 78-306.
Attorney General Opinion No. 78-306 involved the construction of House Bill 1747, Laws 1978, c. 191, 1, now codified as 59 O.S. 45.3 (1978) and concluded that when a school district constructed a building costing in excess of $40,000, an architect is not required when the district has "an engineer in attendance."
The statute which was construed by the Attorney General does not contain the term "engineer in attendance." A careful reading of Attorney General Opinion No. 78-306 reveals that the term was used solely by the author. Neither does the term "engineer in attendance" appear to be a word of art to which a commonly accepted meaning might attach. The usage of the term in context to the question asked and the conclusion reached in Attorney General Opinion No. 78-306, appears merely to refer to an engineer having supervision or control over the school district construction. The previous opinion recognized that the two professions of architecture and engineering tend to some degree to overlap, that is, the practice of architecture included some engineering functions and the practice of engineering includes some architectural functions. The conclusion reached by Attorney General Opinion No. 78-306 stated, in substance, that to the extent that an engineer has performed or is performing architectural functions incidental to his primary function of engineering, it was not required that the school district employ the additional and unrequired services of an architect. Stated another way, to the extent that architectural services are required which are not merely incidental to the engineering of the project, the district must obtain the services of a qualified architect. In no way, however, should Attorney General Opinion No. 78-306 be construed in a manner to suggest that a school district can escape the statutory mandate to employ an architect as affirmatively set forth in the statute.
It is, therefore, the opinion of the Attorney General that the term"engineer in attendance" as used in Attorney General Opinion No. 78-306is but a descriptive term referring only to an engineer employed by aschool district who has assumed and is exercising the engineeringfunctions of a construction project.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
RONALD LEE JOHNSON, ASSISTANT ATTORNEY GENERAL